ORIGINAL

FILED

04/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0139

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 23-0139

REGINALD BALL,

    Petitioner,

v.

BRIAN GOOTKIN, Director, and CARLEEN
GREEN, Contracts Manager, MONTANA
DEPARTMENT OF CORRECTIONS,

    Respondents.

FILED

APR 18 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Reginald Ball has filed a petition for writ of mandamus, contending that the Montana Department of Corrections (the Department or DOC), its Director, and its Contract Manager have not performed their lawful duties, pursuant to the Interstate Corrections Compact between the State of Montana and the State of Virginia (hereinafter Compact). Counsel for the Montana Department of Corrections responds that Ball's Petition should be denied because Ball has not met the criteria for a writ to issue.

Ball claims discrimination based on his status as an inmate under the Compact. He points out that he is not serving any sentence imposed in Montana, and he reiterates that he is not a Montana State inmate "per se." Ball provides a copy of the Agreement between the State of Montana and the State of Virginia (Agreement). Ball requests that the State "honor the [A]greement" to ensure that he receives equal treatment opportunities "to rehabilitate while [housed] in their custody and care . . . ."

In its response, the Department asserts that Ball is not entitled to a writ of mandate. The Department points to the general rule, where a party must make a prima facie showing of entitlement to the performance of a clear legal duty of a ministerial act and that no speedy and adequate legal remedy is available. Sections 27-26-102(1) and (2), MCA; *Smith v. Cnty. of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. The Department explains that Ball is a prisoner of the Commonwealth of Virginia and that the Montana

State Prison received him on August 24, 2021, pursuant to the Compact. The Department further explains that the Agreement grants Montana, as a receiving state, the right to exercise its discretion, when classifying or reclassifying an inmate, offering treatment programs, providing vocational education, and assigning inmate jobs. The Department asserts that Ball may appeal any placement decision and therefore has a plain, speedy, and adequate remedy under the law. The Department provides a copy of the operational policy for classification as well as the forms for an inmate's appeal of a classification action. The Department asserts that Ball has not established a prima facie case under M. R. App. P. 14(5).

As the Department notes, Ball has a present administrative remedy: the right to appeal the prison's decisions regarding an inmate's custody level, education, work assignments, and treatment. Ball fails to acknowledge this remedy, much less address its speed and adequacy. A writ of mandamus is not a substitute for alternative remedies. Ball has not demonstrated entitlement to a writ of mandamus. Section 27-26-102(1), MCA; *Smith*, ¶ 28. Accordingly,

IT IS ORDERED that Ball's Petition for a Writ of Mandamus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Reginald Ball personally.

DATED this _____ day of April, 2023.

_____

_____
Justices